ARMSTRONG, Judge.
Mrs. Mary Louise Schilling Keller appeals from a judgment of the District Court finding her not free from fault in the breakup of her marriage to Joseph S. Keller.
The parties married in February 1950. On October 20, 1979, Mr. Keller left the matrimonial domicile to go to work. While at work he called his wife and told her that he needed more time away from her to think about their marriage and that he wouldn’t be coming home that night. The parties never lived together as man and wife after that date.
On October 25, 1979, Mrs. Keller filed a petition in Civil District Court (Case # 79-16141) alleging that Mr. Keller abandoned her. No service was ever made on Mr. Keller.
On April 8, 1987, Mr. Keller filed this action for divorce on the grounds that the parties had lived separate and apart since October 20, 1979. On April 15, 1987, Mrs. Keller filed an answer and reconventional demand. In her answer, Mrs. Keller admitted all of the allegations of Mr. Keller’s petition with the exception that she claimed the date of their marriage was February 2, 1950 instead of February 5, 1950 and in the reconventional demand reaverred all of the allegations of Mr. Keller’s petition for divorce, alleged that Mr. Keller had abandoned her without lawful cause, sought alimony in an amount to be determined by the court and prayed for a judgment in her favor for a divorce a vinculo matrimonii and alimony. On May 14, 1987, Mr. Keller filed a general denial to the reconventional demand and on that same day filed a supplemental and amended petition alleging that the breakup of the marriage was not the result of any fault on his part but was due to the fault of Mrs. Keller and prayed for alimony pendente lite. Mrs. Keller filed a general denial to the supplemental and amended petition.
The matter came up for trial on August 7, 1987. At the outset of the trial, an oral motion was made to consolidate the trial with Case No. 79-16141. In denying the oral motion to consolidate, the District Court made the following ruling:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the oral motion to consolidate this matter with case number 79-16141 on the docket of this court is denied because said earlier action had been abandoned.”
In its written reasons for judgment, the District Court made the following comment on the foregoing action:
“The suit hearing case number 79-16141 is abandoned. C.C.P. 561. It cannot be consolidated with the present case for that reason. In any event the motion to consolidate is too late.”
In addition to considering this action on the grounds that the parties had lived separate and apart for over one year, the District Court, with the consent of the parties, considered also the freedom from fault of each of the parties as to the breakup of the marriage.
The District Court rendered judgment in favor of Joseph S. Keller and against Mary Louise Schilling, wife of Joseph S. Keller, granting a divorce a vinculo matrimonii forever dissolving the bonds of matrimony between the parties as the evidence clearly established that the parties had lived separate and apart since October 1979 without reconciliation and found each of the parties not to be free from fault in the breakup of the marriage.
Mrs. Keller has lodged this appeal from that part of the judgment finding her not to be free from fault in the breakup of the marriage. Mr. Keller did not appeal and *11 the judgment finding him not to be free from fault in the breakup of the marriage is final and is not before this court.
Therefore the only question before us is whether the District Court abused the much discretion afforded it in finding Mrs. Keller was not free from fault in the breakup of the marriage. With respect to the question of freedom from fault, the District Court handed down the following written reasons:
“Considering the credibility of the witnesses, the Court finds the parties were mutually at fault in the break up of their marriage. Mr. Keller left the family home. But the parties over a period of time argued regularly and constantly. The arguments were mutually instigated and under the particular facts of this case the Court finds that both parties exceeded the bounds of reasonable fair comment and conduct directed by one party to the other.”
A review of the record discloses that Mrs. Keller cursed and used violent and abusive language against her husband over a long period of time; was aware and conscious of the often violent behavior of her son by a previous marriage caused by his problems with alcohol and the disruption it caused in the household; was insistent that the son remain in the household over the continued objections of Mr. Keller even though the son was in his thirties; was aware of Mr. Keller’s fear of her son when the son was drinking and carrying the gun he used in his job as a security officer; and exceeded along with her husband the bounds of reasonable fair comment and conduct directed by one spouse to the other.
We find no abuse of discretion by the District Court. The record clearly supports the action of the District Court.
For the foregoing reasons, the judgment of the District Court finding Mrs. Keller not to be free from fault is affirmed.
AFFIRMED.